772 F.2d 906
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROSETTA N. DAVIS, PETITIONER,
v.
TENNESSEE DEPARTMENT OF EMPLOYMENT SECURITY, ET AL., RESPONDENTS.
 NO. 84-3541
 United States Court of Appeals, Sixth Circuit.
 8/8/85
 
 Dept. of Labor
 AFFIRMED
 PETITION TO REVIEW AN ORDER OF THE UNITED STATES DEPARTMENT OF LABOR
 Before: LIVELY, MERRITT and CONTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rosetta Davis appeals the Department of Labor's decision which held that the Tennessee Department of Employment Security had not violated the Comprehensive Employment and Training Act (CETA). Appeal to this court was taken pursuant to Sec. 107(a) of the Act, as amended, 29 U.S.C. Sec. 817(a).
 
 
 2
 Davis is an employee of the Tennessee Department of Employment Security (TDES), which is a CETA prime sponsor. She was first employed by TDES in 1965 and by 1982 Davis held the position of Chief, CETA Internal Monitoring Unit. Between October 1980 and November 1981, Davis sought promotions to various administrative positions within TDES. Each position was controlled by Tennessee Civil Service Rules which require candidates to achieve a certain rating on a State Certified Job Register in order to be considered for the position. The registers are lists of candidates who have applied for positions and who have met the minimum requirements for those positions. Rankings on the register do not necessarily govern the order in which individuals will be promoted. Tennessee Civil Service Rules also provide for reemployment rights for individuals who had been in a job for at least five years, performed satisfactorily in that job, and desired to return to that position within three years of leaving it.
 
 
 3
 Davis alleges that during the relevant time period[1] she was eligible for eleven promotions, based on the register system. She was not selected for any of the alleged positions. Davis argues that this failure to be promoted proves that TDES unlawfully retaliated against her for filing charges of racial discrimination under Title VII of the Civil Rights Act and also proves that TDES failed to implement its affirmative action plan as required by CETA. Davis also contends that the Department of Labor initially treated her affirmative action complaint as a complaint of discrimination and that she was deprived of a proper investigation as a result.
 
 
 4
 The ALJ held that TDES met its obligation to implement an affirmative action plan and that TDES based its decisions not to promote Davis on non-retaliatory, non-discriminatory reasons. Additionally, the ALJ determined that Davis correctly argued that her claim was originally investigated as a discrimination case, but the error was held to be de minimus and not a ground upon which relief could be granted.
 
 
 5
 Before we examine the correctness of the ALJ's holding, we first address the Department of Labor's motion to strike portions of Davis' appendix. The materials noted in the Department of Labor's motion were not in the record before the ALJ. Federal Rule of Appellate Procedure 16(a) requires the record before this court to be the same as the record presented to the ALJ. We therefore grant the motion to strike the designated portions of Davis' appendix.
 
 
 6
 This court will uphold the ALJ's factual conclusions if they are supported by substantial evidence on the record as a whole. Kentucky v. Donavan, 704 F.2d 288, 292 (6th Cir. 1983); 29 U.S.C. Sec. 817(b). Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 7
 The ALJ's decision that TDES had sufficiently implemented an affirmative action plan was based primarily on testimonial evidence by TDES' Commissioner Bible, and TDES' Affirmative Action Officer, Rosie Wilson. Wilson testified about her efforts to recruit and train minorities and to monitor the agency's activities regarding affirmative action. She also testified as to Commissioner Bible's interest in affirmative action and his receptiveness to recommendations concerning its implementation. Commissioner Bible himself testified that he considered affirmative action in every appointment he made. Based on this testimony, we believe the ALJ could have reasonably found that TDES had implemented its affirmative action plan. Therefore, we affirm the ALJ's decision concerning the affirmative action issue.
 
 
 8
 With respect to Davis' claim of retaliation, only one of the promotional decisions was considered by the ALJ. The ALJ determined that Davis did not have to be considered by TDES for the approximately ten other positions, based on several different reasons. Specifically, the ALJ found that Davis was not on a register for, and therefore could not be promoted to, the positions of Assistant Director of Employment Service,[2] Division Director of Employment Service, Division Director of Unemployment Compensation,[3] and Chief of CETA Field Operations. We believe there is substantial evidence to support these findings, and Davis has failed to provide evidence to the contrary. Therefore, we agree that Davis was properly denied promotions to these positions and the failure to so promote her does not constitute retaliation.
 
 
 9
 The ALJ also determined that Davis could not contest the decision not to promote her to Assistant Director of Tennessee Employment Council. That position was filled by rehiring a person who had previously held the position and who had reemployment rights. In such a situation, the Tennessee Civil Service Rules do not require registers to be used. Since there is substantial evidence in the record to support this determination of the ALJ, and Davis failed to present evidence to the ALJ that TDES' decision was based on other improper criteria, we accordingly decline to consider this decision as evidence of retaliation.
 
 
 10
 The decision not to promote Davis to Director of Personnel and Employment Security was not considered by the ALJ because it was found to be outside of the one year time period. Davis admits that this finding is correct. Accordingly, we agree with the ALJ that the decision regarding this position also cannot be considered to prove retaliation.
 
 
 11
 The positions of Assistant Commissioner and AssistantCommissioner-Fiscal and Systems were found by the ALJ to be non-CETA funded and therefore beyond his scrutiny. Davis refutes this finding, claiming that all administrative positions in TDES are at least partially CETA funded. We believe that Davis has failed to prove this contention, but even if it is assumed to be correct and the ALJ should have considered these two promotions, there is no evidence that the decisions were acts of retaliation. Davis and the two employees who were promoted were all on the register for these positions. One of the employees promoted was ranked higher than Davis and the other had the same ranking as Davis. Also, both employees promoted were more experienced than Davis in the areas required by the positions. Promoting candidates with equal or better qualifications does not indicate retailiatory motives. In sum, we conclude that there is insufficient evidence to indicate that these two promotional decisions should have been scrutinized by the ALJ, but even if they should have been considered, there is no evidence that the decisions were acts of retaliation.
 
 
 12
 The only promotional decision which the ALJ considered was the failure to promote Davis to Chief of Field Operations. In scrutinizing TDES' decision, the ALJ analogized to the test under Title VII for establishing a prima facie case of racial discrimination. The ALJ stated that Davis had to prove she had engaged in a protected activity, that TDES knew of the activity, and that she was denied a promotion within such a period of time following the protected activity that retaliation could be inferred. Accord, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1972). Under this analysis, the ALJ held that Davis had engaged in protected activity by filing a race and sex discrimination suit against TDES, that TDES knew of this activity, and that she was denied a promotion after engaging in this activity. However, the ALJ concluded that the denial of promotion was based on nonretaliatory reasons.
 
 
 13
 The evidence in the record indicates that Virginia Caldwell, a white female, was promoted to the position over Davis. Caldwell was ranked below Davis on the promotional register. Both candidates were interviewed and evaluated by TDES. TDES' Director of Field Management testified before the ALJ that after consideration of the two candidates, it was determined that Caldwell was the most qualified and she was accordingly recommended for the promotion. This decision was based mainly on Caldwell's past experience in a similar position. Commissioner Bible also testified before the ALJ as to TDES' reasons for promoting Caldwell over Davis. The ALJ relied primarily on the above testimony and the Director's written recommendation.
 
 
 14
 We believe there is substantial evidence in the record to support the ALJ's decision. TDES sufficiently demonstrated the existence of nonretaliatory reasons for its decision. The only evidence of retaliation presented by Davis is that she had placed above Caldwell on the register. This evidence alone is insufficient to require reversal of the ALJ's decision. Other promotional decisions in the record indicate that the highest-ranking person on the register is not automatically promoted first, so this evidence does not conclusively prove retaliation. We therefore agree with the ALJ's finding that this promotional decision was not based on retaliatory motives.
 
 
 15
 As a final argument, Davis contends that the ALJ was incorrect in holding that the initial investigation of her claim as a discrimination case was de minimus error. Davis has failed to show that she was prejudiced by this initial error, or that she could not have cured any potential prejudice at the de novo hearing before the ALJ. Accordingly, we find that the ALJ correctly concluded that this claim is not a ground upon which relief can be granted.
 
 
 16
 For the reasons stated above, the judgment of the Department of Labor is AFFIRMED.
 
 
 
 [1]
 CETA regulations require complaints to be filed within one year of an alleged violation of the Act. 20 C.F.R. Sec. 676.83(a)(4). Davis filed her complaint in September 1981, so any promotional decisions occurring before September 1980 cannot be challenged in this appeal
 
 
 [2]
 We also note that appointment to this position occurred outside of the time period in question, and Davis acknowledged this at the initial hearing. Therefore, any claim regarding that promotional decision is barred by the Act
 
 
 [3]
 There were three appointments to this position during the time in question. Davis was not on the appropriate register at the time of any of the promotions